**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | | |
|---|---|---|
| DANA MARIE PEOPLES | ) | Case No.: 24-10854-KHK |
| | ) | |
| Debtor | ) | Chapter 7 |

---

| | | |
|---|---|---|
| | ) | |
| DANA MARIE PEOPLES | ) | Adv. No. |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES DEPARTMENT | ) | |
| OF EDUCATION | ) | |
| | ) | |
| SERVE:  Miguel Cardona, Sec. Of Education | ) | |
| U.S. Dept. Of Education | ) | |
| 400 Maryland Avenue, SW | ) | |
| Washington, DC 20202 | ) | |
| | ) | |
| United States Attorney | ) | |
| Eastern District of Virginia | ) | |
| 2100 Jamieson Avenue | ) | |
| Alexandria, VA 22314 | ) | |
| | ) | |
| Merrick Garland | ) | |
| U.S. Attorney General | ) | |
| 10th Street & Constitution Ave., NW | ) | |
| Room 6313 | ) | |
| Washington, DC 20530 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| NELNET SERVICING, LLC | ) | |
| | ) | |
| SERVE:   CT Corporation System | ) | |
| 4701 Cox Rd. Ste. 285 | ) | |
| Glen Allen, VA, 23060 | ) | |
| | ) | |
| Defendants. | ) | |

1

## COMPLAINT TO DETERMINE DISCHARGEABILITY
## OF STUDENT LOANS UNDER 11 U.S.C. §523(a)(8)

COMES NOW the Debtor/Plaintiff (hereinafter "Plaintiff"), by counsel, and for her *Complaint to Determine Dischargeability of Student Loans under 11 U.S.C. §523(a)(8)*, respectfully represents as follows:

### JURISDICTION

1. Jurisdiction of this Court over the instant adversary proceeding is based upon 28 U.S.C. §§ 1334 and 157, and Rule 7001, because this action arises in and relates to the bankruptcy case of the Debtor, a chapter 7 case, filed in this Court on May 6, 2024.

2. This proceeding is a core proceeding under U.S.C. § 157(b)(2)(B) and (I) and the Plaintiff consents to entry of final orders and judgment by the bankruptcy judge in this adversary proceeding.

3. Venue is proper in this district because the Plaintiff resides in Prince William County in this District and filed her bankruptcy in the Alexandria Division.

4. The relief requested in the Complaint is predicated upon 11 U.S.C. §523(a)(8) of the Bankruptcy Code and Rule 7001 of the Federal Rules of Bankruptcy Procedure.

### PARTIES

5. The Plaintiff is a natural person, Virginia resident and citizen of the United States of America, and the Debtor in this case.

6. Upon information and belief, Defendant, the United States Department of Education, is the holder of $37,983.00 in educational loans of the Debtor, said loans being serviced by Defendant Nelnet, a corporation authorized to conduct business in Virginia.

### FACTS

7. On May 6, 2024, Dana M. Peoples (the "Debtor") filed a petition for relief under chapter 7 of title 11 of the United States Code, in the United States Bankruptcy Court for the Eastern District of Virginia, Alexandria Division.

8. Ms. Peoples obtained student loans to attend the University of S. Carolina in 2008. She studied Early Childhood Education at USC but did not receive a degree. She also attended Northern Virginia Community College in 2012 to begin work on an associates degree

but did not finish the program, and borrowed $6,000 to attend.

9. Between 2008 and the present time, all of these loans have either been in repayment, forbearance or have been deferred for periods of time. Ms. Peoples has been in continual contact with her loan servicers over the years, and the status of these loans has changed at least 17 times as she's tried to make payments when possible. None of these loans have ever gone into default.

10. Ms. Peoples has been in an Income Driven Repayment Program (IDR) for extended periods of time that have required a monthly payment because Revised REPAYE program. Under that program, and because of her low income, no payments have been due for some time.

11. Ms. Peoples has been working as a billing clerk for Peoples Tax & Business Services for the past nine years.

12. Ms. Peoples cannot maintain a minimal standard of living if required to repay her student loans to the Defendants.

13. It is not possible for Ms. Peoples to repay her student loans within the repayment period of the loans.

14. Ms. Peoples has made all reasonable efforts to maximize her income.

## ARGUMENT

15. The issue presented is whether debtor's educational loans are excepted from discharge as an undue hardship. Bankruptcy Code §523 provides in the relevant part: (a) A discharge under 727...... of this title does not discharge an individual debtor from any debt (8) unless excepting such debt from discharge under this paragraph would impose an undue hardship on the debtors and the debtors' dependants, for (A)(I) and educational benefit overpayment or loan made, insured, or guaranteed by a government unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution; or (ii) an obligation to repay funds received as an educational benefit, scholarship, or stipend; or (B) any other educational loan that is a qualified education loan, as defined in section 221(d)(1) of the Internal Revenue Code of1986, incurred by a debtor who is an individual.

16. The "Brunner Test" is the applicable standard in the Eastern District of Virginia in determining the dischargeability of an educational loan. Loir v. Sallie Mae, et al.  In Re Loir. 252 BR. 84 (2000).

17.     Under the *Brunner Test*, a debtor must establish three elements to qualify for the undue hardship exception.  First, the debtor must establish that he cannot, based on current income and expenses, maintain a "minimal" standard of living for himself and his dependents if forced to repay the loans; second, that this state of affairs is likely to persist for a significant portion of the repayment period of the student loan; and third, that the debtor has made good faith efforts to repay the loans.  Brunner v. New York State Higher Educ. Serve. Corp. In re Brunner, 46 BR. 752, 754 (S.D.N.Y. 1985), affd, 831 F.2d 395 (2d Cir. 1987).

18.     Under the first prong, the Plaintiff has not been able to maintain a minimal standard of living.  The Internal Revenue Service states that the average monthly income of a single person with one dependant is $7,956 per month.  As shown on schedule I, the Plaintiff makes only 29% of that amount.  A cursory glance at Ms. Peoples' stated monthly expenses shows that she does not have monthly income to maintain a minimal standard of living.

19.     Under the second prong of the *Brunner Test*, the current state of affairs is likely to continue for the foreseeable future.  Ms. Peoples has limited skills and has been working for her mother's accounting service for a long time.  It is not likely that she will be able to increase her professional standing to earn more money.  It is likely that the Plaintiff will be unable to make payments on the educational loans for the foreseeable future.

20.     Under the third prong of the *Brunner Test*, the Plaintiff has made a good faith effort to pay the educational loans over the past 16 years.  The loans have either been in repayment, deferment or forbearance during that time.

21.     There is a certainty that the Plaintiff will never be able to pay the full amounts of her educational loans.

WHEREFORE, your Plaintiff respectfully requests the educational loans of the Defendants, be discharged in whole or in part, pursuant to 11 U.S.C. §523(a)(8) and for other such relief as this court finds appropriate.

Dana Marie Peoples  
By Counsel

/s/ Michael J. O. Sandler,  
Michael J. O. Sandler, VSB #46443  
Fisher-Sandler, LLC  
12801 Darby Brook Court, Suite 201  
Woodbridge, Virginia 22192  
(703) 967-3315 (phone); (703) 910-6235 (fax)  
sandlerlaw@yahoo.com